# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID HEED, Derivatively and on Behalf of UNIVERSAL HEALTH SERVICES, INC.,** | : | **CIVIL ACTION** |
| Plaintiff | : | |
| vs. | : | NO. 17-1476 |
| **ALAN B. MILLER, et al.** | : | |
| Defendants | : | |
| and | : | |
| **UNIVERSAL HEALTH SVCS, INC.,** | : | |
| Nominal Defendant | : | |

| | | |
|---|---|---|
| **CENTRAL LABORER'S PENSION FUND, Derivatively on Behalf of UNIVERSAL HEALTH SVCS, INC.,** | : | |
| Plaintiff | : | |
| vs. | : | NO. 17-2187 |
| **ALAN B. MILLER, et al.,** | : | |
| Defendants | : | |
| and | : | |
| **UNIVERSAL HEALTH SVCS, INC.,** | : | |
| Nominal Defendant | : | |

| | | |
|---|---|---|
| **WATERFORD TOWNSHIP POLICE & FIRE RETIREMENT SYSTEM, Derivatively on Behalf of UNIVERSAL HEALTH SVCS, INC.,** | : | |
| Plaintiff | : | |
| vs. | : | NO. 17-2595 |
| **ALAN B. MILLER, et al.,** | : | |
| Defendants | : | |
| and | : | |
| **UNIVERSAL HEALTH SVCS, INC.,** | : | |
| Nominal Defendant | : | |

| | | |
|---|---|---|
| **AMALGAMATED BANK LONGVIEW FUNDS,** Derivatively on Behalf of UNIVERSAL HEALTH SERVICES, INC., | : : : : : | **CIVIL ACTION** |
| Plaintiff | : : | |
| vs. | : : | **NO. 17-3404** |
| **CHARLES F. BOYLE, et al.,** Defendants and | : : : : : | |
| **UNIVERSAL HEALTH SVCS, INC.,** Nominal Defendant | : : : | |

# O R D E R

**AND NOW,** this 29th day of March, 2018, upon consideration of the motions to consolidate, and to appoint lead plaintiff and lead counsel filed by Amalgamated Bank LongView Funds and Central Laborers' Pension Fund, IT IS HEREBY ORDERED that:

1. Amalgamated's motion is GRANTED in its entirety.[1]

2. Central Laborers' motion is GRANTED in part and DENIED in part.[2]

3. The above actions are consolidated for all purposes into one action, along with any future-filed or transferred action asserting substantially similar shareholder derivative claims on behalf of Universal Health Services, Inc., and arising out of federal securities law.

4. Every pleading filed in the consolidated action, or in any separate action included herein, shall bear the following caption:

---

[1] Amalgamated's motion has been docketed as Document #16 in Heed v. Miller, 17-cv-1476; as Document #38 in Central Laborers' Pension Fund v. Miller, 17-cv-2187; as Document #5 in Waterford Township Police & Fire Retirement System v. Miller, 17-cv-2595; and as Documents #5 and #35 in Amalgamated Bank LongView Funds v. Boyle, 17-cv-3404.

[2] Central Laborers' motion has been docketed as Document #32 in Central Laborers' Pension Fund v. Miller, 17-cv-2187. Because I have consolidated the actions, this motion is granted in part. Because I have appointed Amalgamated as lead plaintiff, and Scott & Scott as lead counsel, the motion is denied in part.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE UNIVERSAL HEALTH SERVICES, INC., DERIVATIVE LITIGATION | : : : | CIVIL ACTION NO. 17-02187 |
| This Document Relates To: | : | |

5. Amalgamated Bank LongView Funds is appointed lead plaintiff in the consolidated action.

6. The law firm of Scott & Scott is appointed lead counsel for the plaintiffs.

7. The Axelrod Firm is appointed liaison counsel for the plaintiffs.

8. Lead counsel shall have the following responsibilities and duties to be carried out either personally or through counsel, whom lead counsel shall designate:

    a.    to coordinate the briefing and argument of motions;

    b.    to coordinate the conduct of discovery proceedings;

    c.    to coordinate the examination of witnesses in depositions;

    d.    to coordinate the selection of counsel to act as a spokesperson at pretrial conferences;

    e.    to call meetings of the plaintiffs' counsel, as deemed necessary and appropriate from time to time;

    f.    to coordinate all settlements negotiations with counsel for the defendants;

    g.    to coordinate and direct the pretrial discovery proceedings, preparation for trial, trial of this matter, and to delegate work responsibilities to selected counsel as may be required;

    h.    to coordinate the preparation and filings of all pleadings; and

      i.      to supervise all other matters concerning the prosecution or resolution of the claims asserts in the consolidated action.

9. No motion, discovery, request, or other pretrial proceeding shall be initiated or filed by any plaintiff without the approval of lead counsel, so as to prevent duplicative pleadings or discovery by plaintiffs. No settlement negotiations shall be conducted without the approval of lead counsel.

10. Counsel in any related action that is consolidated into the consolidated action shall be bound by the organization of the plaintiffs' counsel.

11. Lead counsel shall have the responsibility of receiving and disseminating court orders and notices.

12. Lead counsel shall be the contact between plaintiffs' counsel and shall direct and coordinate the activities of plaintiffs' counsel.

13. The defendants shall affect service of papers on plaintiffs by serving a copy of same on lead counsel by overnight mail service, electronic, or hand delivery. The plaintiffs shall affect service of papers on the defendants by serving a copy of same on the defendants' counsel by overnight mail service, electronic, or hand delivery.

                              BY THE COURT:

                              /s/ Lawrence F. Stengel
                              LAWRENCE F. STENGEL, C. J.